Batxlu, O'.
The fiat for an injunction in tin's case was made by me in vacation. The application for it was presented under such circumstances, as rid allow mo no time for an examina'ion of' the authorities bearing upon the questions invoi r.--d. and very little c pportunity icr reflection. Having now had the aid of- mi argument ami of .a conference with vny brethren, I h.fwe. after mature consideration, come, to‘the conclusion with them, that the order ■was improvidom;!;/ granted, and- that the demurrer must be sustained, and the bill dismissed.
' It is necessary for us to notice only one or two of the questions raised by the pleadings, as they are sufficient to dispose of the case.
The defendant Manning, appointed a receiver under an act of the Provisional Congress of the Confederate States, entitled “ an Act for the Sequestration of the estates, property and effects sf alien enemies, and for an indemnity of *63 tbo citizens of the Confederate States, and. persons aiding the same in the existing war with the United States, (see acts of the third session of the Provisional Congress, No. 209,) was .only an officer of the law, and’ was as such, improperly made a party defendant; and as to him, the bill must therefore, be dismissed with costs. Edney vs. King, 4 Ired. Eq. 465. Lackay vs. Curtis, 6 Ired. Eq. 199.
As to the other defendants, Mallett and Brown, if the Court could entertain jurisdiction at all to restrain them from acting under the orders from the Confederate Court, it must b'e on the ground of fraud practiced by these defendants in obtaining the orders. Now, in this case no such fraud is positively and distinctly charged in the bill. In one place it is said that one of the defendants — whether Mallett, .Brown, or Manning, is not stated — was a secret informer, but whether -the information given was true or false, is not alleged. In another part of the bill it is charged that “the defendants Brown'and .Mallett, have, from the first court held in November 1861 until the last held in November 1862, been unceasing in their efforts to have him (the plaintiffs intestate) removed without danse, and solely with the view of being put into the management themselves.” These are rather insinuations of fraud than positive and distinct charges of it, and when taken tu connection with the fact, that the relief sought-is not'put upon the ground of fraud, but upon other and different grounds, the court can not make that the basis of a decree for relief, when there are no other elements of equity. See Witherspoon vs. Carmichael, 6 Ired. Eq. 143.
This court has no jurisdiction to review the proceedings of' the Confederate Court; and without deciding whether it might not restrain parties from availing themselves of its orders or decrees when obtained by fraud positively *64 charged and proved or admitted, it will not interfere in the absence of such allegations. The demurrer must be sustained, agdthe bill dismissed with costs as to these defendants also.